IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TALBERT NAPOLEAN GIBSON,  )
                          )
            Plaintiff,    )
                          )
      v.                  )   1:18CV436
                          )
UNITED STATES OF AMERICA, )
                          )
            Defendant(s). )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a federal prisoner, submitted a Motion for Return of Property pursuant to Fed. R. Crim. P. 41(g). Such a motion filed after the completion of criminal proceedings is a civil action subject to the fee provisions of 28 U.S.C. § 1915. See United States v. Jones, 215 F.3d 467 (4th Cir. 2000). Venue for such a motion is proper in the district where the seizure occurred. See United States v. Garcia, 65 F.3d 17 (4th Cir. 1995). Plaintiff failed to submit either the $400.00 filing fee or an application to proceed *in forma pauperis*. In addition, Plaintiff's Motion is not on the required form for this Court. This Motion should, therefore, be dismissed without prejudice to Plaintiff submitting his action on the proper forms along with either the $400.00 filing fee or a completed application to proceed *in forma pauperis*. To assist Plaintiff, the Clerk will send Plaintiff the Motion for Return of Property forms, instructions and an application to proceed *in forma pauperis*.

The Court also notes that Plaintiff appears unable to state a claim for relief. Plaintiff alleges that his property was seized and retained by the State of North Carolina. The purpose of proceedings under Rule 41 and any associated civil proceeding is to allow an equitable proceeding where a party can seek the return of property that was seized at the request of the federal government or which is currently controlled by the federal government. Industrias Cardoen, Ltda. v. United States, 983 F.2d 49, 51 (5th Cir. 1993). Although the federal government prosecuted Plaintiff in this Court, that fact alone is not enough to allow a motion for return of property to be brought against the United States. United States v. Copeman, 458 F.3d 1070, 1071-72 (10th Cir. 2006). As stated in a slightly different context, "the federal government, not having the [property], could not return [it]." United States v. Presley, 52 F.3d 64, 70 (4th Cir. 1995). The Court does not have subject matter jurisdiction over property seized by the State. Clymore v. United States, 164 F.3d 569, 571 (10th Cir. 1999). See also, United States v. Rowzer, 201 F.R.D. 516, 518 (D. Kan. 2001). Plaintiff must state a proper claim for relief against the United States or its agents if he refiles this action.

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order. The Clerk is instructed to send Plaintiff Motion for Return of Property forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a civil complaint, on the proper Motion for Return of Property forms, which corrects the defects cited above.

This, the 24th day of May, 2018.

_____
Joe L. Webster
United States Magistrate Judge